UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

                                   File No.  1:02-CR-116

v.

                                   HON. ROBERT HOLMES BELL

AUBREY LYNN EADY,

       Defendant.

_____/


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Aubrey Lynn Eady's *pro se* motion to recall mandate.

Defendant was convicted of bank robbery and sentenced to 210 months in prison. His conviction and sentence were affirmed on appeal.  *United States v. Eady*, No. 03-1204 (6th Cir. May 18, 2004).  Defendant filed a § 2255 motion to vacate, set aside, or correct sentence, which was denied by order dated November 18, 2005.  Defendant appealed the denial of his § 2255 motion, but was denied a certificate of appealability by order dated April 4, 2007.  *Eady v. United States*, No. 06-1065 (6th Cir. Apr. 4, 2007).

Among the claims raised in Defendant's § 2255 motion was a claim of ineffective assistance of counsel based on counsel's failure to challenge Defendant's sentencing enhancement as a career offender under *Apprendi, Blakely*, and *Booker*.  In rejecting this claim, this Court noted that Defendant had no established Sixth Amendment right under

those cases at the time of his sentence and appeal, and counsel could not be found constitutionally ineffective for failing to raise an argument that would have been futile at the time it was made.  (Dkt. No. 125, Op. 21.)

Defendant directs the Court's attention to *United States v. Nichols*, 501 F.3d 542 (6th Cir. 2007), where the Sixth Circuit held that counsel was ineffective for failing to preserve a challenge to the constitutionality of the mandatory Sentencing Guidelines regime even though the Supreme Court had not yet decided *United States v. Booker*, 543 U.S. 220 (2005).  Defendant contends that in light of *Nichols* the Court should revisit its earlier decision denying his § 2255 petition and find that counsel was indeed ineffective for not preserving Defendant's Sixth Amendment challenge on appeal.

The order denying Defendant's § 2255 petition had become a final decision prior to Defendant's current motion, which was filed on November 5, 2007.  Once a decision is final a court does not have authority to revisit it except in extraordinary circumstances.

While recognizing its inherent authority to recall a mandate, the Sixth Circuit has stressed that "such power should only be exercised in extraordinary circumstances because of the profound interests in repose attached to a court of appeals mandate."  *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005). The power to recall a mandate "is one of last resort, to be held in reserve against grave, unforeseen contingencies."  *Id.* (quoting *Calderon v. Thompson*, 523 U.S. 538, 549-50 (1998)).  "[T]his power is sparingly used, and only in cases where a party can demonstrate exceptional circumstances 'sufficient to override the

strong public policy that there should be an end to a case in litigation . . . .'" *Id.* (quoting *BellSouth Corp. v. FCC*, 96 F.3d 849, 851-52 (6th Cir. 1996)). In *Saikaly* the Sixth Circuit joined numerous other circuits in holding that § 2255 is the proper remedy to attack a final conviction, and "the fact that such remedy is no longer available does not warrant a recall of the mandate." *Id.* at 518. According to the Sixth Circuit, "[t]he incremental change in the law as evidenced by *Apprendi*, *Blakely*, and *Booker* simply is not the type of unforeseen contingency which warrants recall of the mandate to permit yet another round of appellate review." *Id.* at 518.

The Court also notes that Defendant's reliance on *Nichols* is misplaced. *Nichols* held that counsel's failure to preserve a Sixth Amendment challenge to the Guidelines amounted to ineffective assistance of counsel where the sentencing judge had made multiple factual findings that increased the defendant's Guidelines range. 501 F.3d at 546. The court was careful to distinguish *United States v. Burgess*, 142 F. App'x 232 (6th Cir. 2005), a case which held that the failure to preserve a Sixth Amendment challenge did not amount to ineffective assistance of counsel where the only enhancements were based on prior convictions. *Nichols*, 501 F.3d Id. at 546 n.2. The Supreme Court has never held that a judge's factual findings concerning prior convictions violate the Sixth Amendment. *See Booker*, 543 U.S. at 244 ("[W]e reaffirm our holding in *Apprendi*: Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by

the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)). Defendant complains of counsel's failure to object to his sentencing enhancement as a career offender.  Because the career offender enhancement is based on prior convictions, it is not governed by *Nichols*.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to recall mandate (Dkt. No. 132) is **DENIED**.


Date:    December 3, 2007          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE